IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ORLANDO MAYS,

    Petitioner,

v.                                                          No. 1:22-cv-01066-JDB-jay
                                                                  Re:  1:19-cr-10120-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

---

*INTRODUCTION*

In April 2022, the Petitioner, Orlando Mays, Bureau of Prisons register number 21670-076, filed a counselled motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (Docket Entry ("D.E.") 1.)[1] The Government has filed a response in opposition (D.E. 11), along with the affidavit of trial counsel (D.E. 11-2).

*BACKGROUND*

On October 24, 2019, officers executed a search warrant at a residence located at 936 Breckenridge Drive in Brownsville, Tennessee, which uncovered multiple weapons and ammunition, drug paraphernalia, and other contraband. As a result, Mays[2] was indicted on November 18, 2019, on four counts of being a felon in possession of a firearm in violation of 18

---

[1] Record citations are to documents filed in the instant action unless otherwise indicated.

[2] In the Court's discussion of the underlying criminal case, Mays will sometimes be referred to as the "Defendant."

U.S.C. § 922(g)(1). (*United States v. Mays*, Case No. 1:19-cr-10120-JDB-1 (W.D. Tenn.) (the "Criminal Case"), D.E. 18.) He was represented by Federal Public Defender LaRonda Renee Martin. (*Id.*, D.E. 11.) On February 3, 2020, counsel filed a motion to suppress the firearms, arguing that the affidavit in support of the search warrant lacked probable cause and, alternatively, that the good faith exception articulated in *United States v. Leon*, 468 U.S. 897 (1984), did not apply. (*Id.*, D.E. 26.) Martin maintained that her client had standing to challenge the search of the residence as he was a frequent and regular overnight guest at the home, where his girlfriend, Raven Walker, resided. Following an evidentiary hearing, the motion was denied in a written opinion entered on April 6, 2020. (*Id.*, D.E. 28, 33.) On September 24, 2020, Mays entered into a written agreement to plead guilty to Count 3 of the indictment, charging him with possessing a Smith & Wesson .40 caliber handgun found in a master bedroom dresser drawer of the Breckenridge residence. (*Id.*, D.E. 42-44.) As part of the plea agreement, Defendant waived his right to appeal his sentence. He was sentenced on March 4, 2021, to a total of eighty-eight months in prison, to be followed by three years of supervised release. (*Id.*, D.E. 58, 61.)

## *LEGAL STANDARDS APPLICABLE TO § 2255 PETITIONS*

"A petitioner seeking § 2255 relief must allege . . . as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Gabrion v. United States*, 43 F.4th 569, 578 (6th Cir. 2022) (quoting *Harris v. United States*, 19 F.4th 863, 866 (6th Cir. 2021)) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 2667 (2023). A § 2255 petitioner has the burden of demonstrating that he is entitled to relief by a preponderance of the evidence. *United States v. Brown*, 957 F.3d 679, 690 (6th Cir. 2020).

"An evidentiary hearing is required to determine the truth of a petitioner's claims when a factual dispute arises in a § 2255 proceeding." *Gardner v. United States*, 122 F.4th 254, 263 (6th Cir. 2024) (cleaned up), *reh'g denied*, 2025 WL 439740 (6th Cir. Jan. 15, 2025). No hearing is required, however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). As the assertions contained in the Petition are refuted by the record, no evidentiary hearing is warranted here.

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

<u>Ineffective Assistance of Counsel Generally.</u>

Petitioner contends that FPD Martin provided him ineffective assistance of counsel in the Criminal Case. Ineffective assistance constitutes an error of constitutional magnitude, *see Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and is properly raised in a § 2255 petition, *United States v. Graham*, 484 F.3d 413, 421-22 (6th Cir. 2007). It is not an easy claim to prove, however. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("Surmounting [an ineffective assistance claim's] high bar is never an easy task.") Under the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), a criminal defendant's Sixth Amendment right to effective assistance is violated when "(1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant." *Gardner*, 122 F.4th at 258 (citing *Strickland*, 466 U.S. at 687). "To demonstrate deficient performance, the petitioner must show that counsel's errors were 'so serious that counsel was not functioning as the counsel the Sixth Amendment guarantees.'" *Id.* (quoting *Strickland*, 466 U.S. at 687) (some internal quotation marks omitted). That is, "counsel's representation [must have fallen] below an objective standard

of reasonableness." *Neuhard v. United States*, 119 F.4th 1064, 1069 (6th Cir. 2024) (quoting *Strickland*, 466 U.S. at 687-88), *cert. denied*, 145 S. Ct. 1975 (2025). "*Strickland* demands 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689).

Satisfaction of the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A showing of prejudice with respect to the filing of a motion requires a petitioner to demonstrate that any motion he claims should have been filed would have been successful. *Howard v. Bouchard*, 405 F.3d 459, 481 (6th Cir. 2005).

Claim 1.

Mays maintains that his attorney was ineffective first by presenting arguments in the motion to suppress that ultimately led to enhancements of his sentence pursuant to § 2K2.1(b)(1)(A) of the United States Sentencing Guidelines ("U.S.S.G."), which provided for a two-level enhancement for an offense involving between three and seven firearms, and U.S.S.G. § 2K2.1(b)(6)(B), that added a four-level enhancement for possessing a firearm in connection with the commission of another felony. However, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001) (same); *Humphrey v. United States*, Case No. 1:23-cv-1150, 2024 WL 4986214, at *7 (W.D. Mich. Dec. 5, 2024) (by pleading guilty, defendant waived ineffective-assistance-of-counsel claim relating to the filing of a motion to

4

suppress evidence). "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards" applicable to ineffective-assistance-of-counsel claims. *Tollett*, 411 U.S. at 267. Mays's attack here concerns only the alleged constitutional deprivations relating to the motion to suppress. He does not attack the voluntariness of his plea. According to the transcript of the change of plea hearing conducted by the undersigned on September 24, 2020, Mays stated to the Court, under oath, that he was satisfied with his counsel's advice and representation, that he had freely and voluntarily entered into the plea agreement, and that he indeed possessed the Smith & Wesson handgun. (*See* D.E. 64.) Thus, any claim based on Martin's pre-plea conduct would appear to have been waived by his subsequent voluntary guilty plea.

Moreover, Petitioner has failed to establish that a Fourth Amendment challenge to the search would have been meritorious. The amendment "protects an individual from unreasonable searches and seizures only where the individual can show that: 1) he manifested a subjective expectation of privacy in the object of the challenged search and 2) society is prepared to recognize that expectation as legitimate." *United States v. Berryhill*, 352 F.3d 315, 316 (6th Cir. 2003) (cleaned up); *see also United States v. Rogers*, 97 F.4th 1038, 1042 (6th Cir. 2024) ("[T]o establish Fourth Amendment 'standing' to challenge a . . . search, one must 'exhibit a legitimate expectation of privacy'" in the place searched."), *cert. denied*, 145 S. Ct. 1424 (2025)

Standing to object to the search of a residence does not require, as Mays appears to suggest, that the dwelling be a defendant's primary residence. Rather, one's "status as an overnight guest is alone enough to show that he had an expectation of privacy in the home that society is prepared to recognize as reasonable." *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990); *see also United States v. Washington*, 573 F.3d 279, 283 (6th Cir. 2009) ("The Sixth Circuit has generously construed

5

the Fourth Amendment as protecting nearly all overnight guests[.]"); *United States v. Pollard*, 215 F.3d 643, 648 (6th Cir. 2000) (defendant had reasonable expectation of privacy in a friend's home where he had known the lessee for several years, occasionally spent the night there, and kept some personal belongings in a closet). In contrast, "a casual, transient visitor does not have a reasonable expectation of privacy in his host's home." *Berryhill*, 352 F.3d at 317 (citing *United States v. McNeal*, 955 F.2d 1067, 1070 (6th Cir. 1992)).

Counsel stated in her affidavit that Mays told her he wanted to challenge the search warrant. (D.E. 11-2 ¶ 5.) He advised her that he had been in a relationship with Walker for several years and that he regularly visited her home and often spent the night there. (*Id.*) He possessed keys to both the house and a blue Mazda parked in the driveway; he had been observed at the house on more than one occasion; and his driver's license was discovered in a "male closet" inside the house. (*Id.* ¶ 6.) Martin informed the Court that "[e]ach of these facts helped [her] establish that he regularly visited and was an overnight guest of Ms. Walker and thus counsel was able to establish that Mr. Mays had standing to challenge the search." (*Id.*)

Petitioner does not deny that he was a frequent and overnight guest at the residence. Nor does he contend that his attorney's recollection of information provided to her in preparation for filing the motion to suppress, as recounted in her affidavit, was inaccurate. Had Martin failed to sufficiently establish a legitimate expectation of privacy in the dwelling, the motion to suppress would have been unsuccessful on that basis alone. Mays offers no alternative avenue by which he could have achieved standing to move for suppression of the contraband found during the search of the Breckenridge residence. As he has failed to establish that any argument he believes should have been included in, or excluded from, the motion to suppress would have been successful and,

therefore, had a reasonable probability of changing the outcome, his claim here is insufficient to meet the prejudice prong of the *Strickland* standard.[3] *See Howard*, 405 F.3d at 481, *supra.*

Claim 1 is DENIED.

Claim 2.

Petitioner next argues that Martin was ineffective in handling the decision of whether to file an appeal. In her affidavit, counsel stated:

> Prior to the change of plea, undersigned counsel and Mr. Mays reviewed the plea agreement in its entirety, including although not limited to, the advantages and disadvantages of entering into a plea agreement, and the waiver of appeal provisions in the plea agreement. When reviewing the plea agreement, Counsel believe Mr. Mays to be competent and believed that he completely understood the terms of the agreement and its waivers. He voluntarily agreed to waive his right to challenge his conviction and sentence, and the manner in which the sentence was determined.

(D.E. 11-2 ¶ 10.) She also advised in her affidavit that her client did not ask her to file an appeal. (*See id.* ¶ 11.)

Where a defendant has not instructed his counsel to file an appeal, deficient performance for failure to appeal is determined by whether "counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Specifically, counsel must "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Id.* If counsel did so, the issue of deficient performance is "easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

---

[3]In addition, the two- and four-level enhancements referenced in the Petition were imposed by the Court after an hours-long sentencing hearing, at which the parties presented evidence and arguments concerning, among other things, Mays's relationship to 926 Breckenridge Drive and his connection with and knowledge of certain items of contraband found therein.

7

Mays does not claim that he asked Martin to file an appeal on his behalf. Nor does he take issue with the statements made by his attorney in her affidavit regarding appeal. Because the uncontroverted evidence before the Court indicates that Martin properly consulted with Petitioner regarding an appeal, she did not perform deficiently.

Claim 2 is therefore DENIED.

*APPEAL ISSUES*

Title 28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 petitioner may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v.*

8

*United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable." *Id.*; *see also id.* ("Again, a certificate is improper if any outcome-determinative issue is not reasonably debatable."). There can be no question that the issues raised in the Petition are meritless for the reasons previously stated. The Court therefore DENIES a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a COA, the Court also determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, under Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.

## *CONCLUSION*

Based on the foregoing, the Petition is DENIED as to all grounds set forth therein. The Court also DENIES a certificate of appealability, CERTIFIES that an appeal would not be taken in good faith, and DENIES leave to proceed in forma pauperis on appeal.

IT IS SO ORDERED this 18th day of July 2025.

                 s/ J. DANIEL BREEN
                 UNITED STATES DISTRICT JUDGE